[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
The respondent is before the court on a presentment by the Statewide Grievance Committee. In an Application for Reciprocal Discipline pursuant to Practice Book § 2-39, the statewide bar counsel seeks the action of the court against the respondent because he was subjected to an "Order of Discipline" dated June 17, 1998 in which he was suspended from the practice of law in the United States District Court for the District of Connecticut for a period of one month, which suspension was suspended.
The respondent has moved to dismiss for lack of jurisdiction over the subject matter. His contention is twofold. He first claims the action is barred by virtue of the doctrine of res judicata. His second ground is that the U.S. District Court "stayed" its action by suspending the suspension imposed.
The court will first turn to the res judicata claim as grounds for the motion to dismiss. A motion to dismiss normally is the appropriate vehicle for challenging the jurisdiction of the court. Practice Book § 142, now Practice Book (1998 Rev.) § 10-30. However, "[t]he grounds which may be asserted in this motion are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process." Practice Book § 143, Practice Book (1998 Rev.) now § 10-31. Res judicata is not included among the permissible grounds on which to base a motion to dismiss. Ziskav. Water Pollution Control Authority, 195 Conn. 682, 687,490 A.2d 509 (1985); Labbe v. Pension Commission, 229 Conn. 801, 816,643 A.2d 1268 (1994). Res judicata "is a special defense that is considered after any jurisdictional thresholds are passed."Labbe, supra, 816. The respondent's motion cannot be granted on this basis.
The court will now address the respondent's remaining claim as to lack of jurisdiction. He contends that Practice Book §2-39 does not apply because the discipline in the U.S. District Court has been stayed. Practice Book § 2-39 requires the state bar counsel to seek reciprocal discipline by serving a copy of any other jurisdiction's disciplinary order on an attorney admitted to practice in Connecticut. That same section requires CT Page 11062 that the process be returned to the Superior Court in which the disciplined attorney practices. That was done and explains why the matter is now before this court. However, the respondent urges that the same rule which authorizes such a presentment excepts from its mandate to impose commensurate discipline, discipline which has been stayed by the other jurisdiction. The respondent urges that when the suspension from practice for a certain number of days was itself suspended, this constitutes "stay" which pursuant to Rule 2-39 robs the court of jurisdiction to hear the statewide bar counsel's petition for reciprocal discipline. The court does not agree.
This issue turns on the meaning of "stay" for the purpose of Rule 2-39. The word is defined in Black's Law Dictionary to include "a suspension of the case or some designated proceeding within it. It is a kind of injunction with which a court freezes its proceedings at a particular point." The New College Edition of The American Heritage Dictionary of the English Language defines the term "[t]o delay or stop the effect of an order." Id., p. 1260.
The order of the U.S. District Court which triggered these proceedings is entitled "Order of Discipline" indicating to this court that it was discipline of the respondent that it intended. It did not indicate that it was "staying" discipline. The actual order indicates imposition of the discipline was suspended immediately. The discipline ordered by the U.S. District Court was a suspension for thirty days which it then suspended, meaning that after the court's order the attorney was still free to practice law, but nonetheless still had been disciplined. The respondent would also have been free to practice in the federal court if he had only received some reprimand or admonition. It would not be reasonable to argue that a reprimand and/or admonition was not discipline. A fortiori, an "order of discipline" imposing a suspended suspension, is also discipline.
The respondent asks the court to view the term "stay" narrowly, applying it in this case to the effect of the order on the respondent's right to practice in the U.S. District Court uninterrupted. However, the focus of Rule 2-39 is the federal judgment ordering discipline. Rule 2-39 specifically says that the statewide bar counsel must proceed if the "discipline has not been stayed." The discipline has not been stayed by appeal of the federal judge's order or otherwise. The federal grievance was not dismissed. Discipline by a judicial authority of an attorney can CT Page 11063 occur even when the right to practice is not actually interrupted.
The court has jurisdiction. The motion to dismiss is denied. The court will by separate memorandum address the substantial issues raised by the respondent's motion for summary judgment addressed to the fact that the Connecticut Statewide Grievance Committee had earlier reviewed the same subject matter and dismissed the same grievance against the respondent.
Flynn, J.